IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

SCOTT LOUIS PANETTI,
                Petitioner,

-vs-                                                            Case No.  A-09-CA-774-SS

RICK THALER,
                Respondent.
_____

**O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Scott Louis Panetti ("Panetti")'s Motion to Stay Case and Abate Proceedings [#27] and Petitioner's response in opposition [#30]. Having considered the motion, the response, the case file as a whole, and the applicable law, the Court enters the following opinion and orders.

**I.    Procedural History**

Panetti was convicted of capital murder and sentenced to death by a jury in 1995.  The Texas Court of Criminal Appeals (the "CCA") affirmed his conviction and sentence, *Panetti v. State*, Cause No. 72,230 (Tex. Crim. App. 1997), and the United States Supreme Court denied certiorari review. *Panetti v. Texas*, 525 U.S. 848 (1998).  Panetti then sought state post-conviction relief, which the CCA denied.  *Ex Parte Panetti*, Writ No. 37,145-01 (Tex. Crim. App. 1998).

In 1999, Panetti filed a federal habeas corpus petition.  This Court denied relief, *Panetti v. Johnson*, Cause No. A-99-CA-260-SS (W.D. Tex. 2001), and the Fifth Circuit affirmed that decision. *Panetti v. Cockrell*, Cause No. 01-50347 (5th Cir. 2003).  The United States Supreme Court denied Panetti's petition for writ of certiorari.  *Panetti v. Dretke*, 540 U.S. 1052 (2003).

In 2004, Panetti's counsel raised the issue of whether Panetti was incompetent to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986).  The state court held an evidentiary hearing on the matter, and subsequently denied his *Ford* claim.  Panetti filed a petition for writ of habeas corpus on the

same issue in this Court and, after an evidentiary hearing, this Court likewise denied Panetti's claim. *Panetti v. Dretke*, 401 F. Supp. 2d 702 (W.D. Tex. 2004). The Fifth Circuit affirmed the decision. *Panetti v. Dretke*, 448 F.3d 815 (5th Cir. 2006). However, the United States Supreme Court reversed and remanded the case for further proceedings. *Panetti v. Quarterman*, 551 U.S. 930 (2007).

In February 2008, on remand, this Court held a second *Ford* hearing, and again denied Panetti's claim, finding he was competent to be executed. *Panetti v. Quarterman*, Cause No. A-04-CA-042-SS, 2008 WL 2338498 (W.D. Tex. 2008). Panetti appealed the decision to the Fifth Circuit Court of Appeals; however, before it issued an opinion, the Fifth Circuit stayed and abated the proceedings so that Panetti could return to the state court to raise an *Edwards* claim, based on the Supreme Court's then-recently issued decision in *Indiana v. Edwards*, 554 U.S. 164, 168 S.Ct. 2379 (June 19, 2008).[1]  *See Panetti v. Quarterman*, No. 08-70015 (5th Cir. Dec. 17, 2008), Ex. 1.

Panetti filed his state habeas application asserting a claim under *Edwards* on June 16, 2009. In October 2009, the CCA dismissed the application as an abuse of the writ. *Ex parte Panetti*, WR-37,145-02 (Tex. Crim. App. 2009). The instant petition for writ of habeas corpus followed. In his petition, filed

---

[1] In *Edwards*, the Supreme Court considered the issue of whether the federal Constitution requires a state trial judge to allow a mentally ill defendant, upon request, to proceed pro se at trial. 128 S.Ct. at 2383. The Court noted it had not addressed the "relation of the mental competence standard to the right of self-representation" in its previous cases. *Id.* Ultimately, the Court recognized a "mental-illness-related limitation on the scope of the self-representation right." *Id.* at 2384. The *Edwards* court wrote:

> [T]he Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so. That is to say the Constitution permits States to insist upon representation by counsel for those competent enough to stand trial under *Dusky* but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves.

*Id.* at 2388. The *Edwards* court did not adopt a specific standard for when a defendant is mentally ill to the point he is not competent to represent himself at trial, but held "only that the lack of mental competence can under some circumstances form a basis for denying the right to proceed pro se." *Id.* at 2394.

on October 22, 2009, Panetti asks this Court to issue a writ of habeas corpus and grant him relief from a conviction and sentence of death that he alleges is unconstitutional because the trial court allowed him to proceed pro se at trial, in violation of the United States Supreme Court's decision in *Edwards*. Am. Pet. [#17] (citing *Edwards*, 554 U.S. 164). In April 2010, the Respondent filed a motion for summary judgment on Panetti's *Edwards* claim. Panetti has asked and received permission from the Court to delay his response to the motion for summary judgment until the Court decides his pending motion to stay and abate. Order [#29]. The Court turns to that motion now.

## II.     Motion to Stay and Abate

In his motion to stay and abate, filed on June 17, 2010, Panetti requests this Court stay and abate these proceedings so that he may return to the state court and request the CCA reconsider its October 2009 decision dismissing his state habeas application as an abuse of the writ. Panetti's motion to stay and abate is based on the fact that on May 5, 2010—after the CCA had dismissed his most recent state habeas petition for failure to meet the successive petition requirements—the CCA decided *Chadwick v. State*, 309 S.W.3d 558 (Tex. Crim. App. 2010). *See* Pet.'s Mot. [#27] at 1. In *Chadwick*, the CCA recognized *Edwards* to be controlling on the issue of whether the trial court in that case had erred in denying the defendant's request to represent himself. *Id.* at 560. The CCA held that under *Edwards* the State may "insist that a defendant who is competent to stand trial—but incompetent to conduct his or her own defense—be represented by counsel." *Id.* at 562. The CCA found the evidence in *Chadwick* indicated the trial court had impliedly found the defendant's mental illness "was severe enough to render him incompetent to proceed pro se," even though he had been deemed competent to stand trial. *Id.* Therefore the CCA held, under *Edwards*, that the trial judge had not erred by refusing to allow the defendant to represent himself. *Id.*

In his current motion, Panetti asks the Court "to stay these proceedings and hold them in abeyance" so that he may return to the state court to ask the CCA to reexamine its decision disposing of

his *Edwards* claim as a successive petition. Pet.'s Mot. Stay at 2. The parties agree this Court's decision on whether to stay and abate the case is controlled by *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the Supreme Court sanctioned a stay-and-abate procedure which maintains federal jurisdiction while allowing for state review of a claim. *Id.* However, the *Rhines* court found "stay and abeyance should be available only in limited circumstances"; specifically, where the district court determines there was "good cause for the petitioner's failure to exhaust his claims first in state court," the claims that are to be presented to the state courts are not "plainly meritless," and the petitioner has not engaged in "abusive litigation tactics or intentional delay." *Id.* at 277-78. Furthermore, the petition should not be stayed indefinitely; instead, "district courts should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278.

In this case, the Respondent does not argue Panetti lacks good cause for his failure to raise his claim in the state courts or that he is engaging in abusive litigation tactics or intentional delay. The Court finds no basis to believe Panetti has filed this motion for the purpose of delay, or that he lacked good cause for failing to raise *Chadwick* in his original state-court petition based on *Edwards*. Panetti's counsel represents he filed the present motion as soon as he became aware of the *Chadwick* decision, and the Court has no reason to doubt that claim. Because the CCA decided *Chadwick* over six months after it dismissed Panetti's *Edwards* claim, Panetti clearly had good cause for his failure to raise *Chadwick* in his original state-court petition based on *Edwards*.

The Respondent's sole argument against stay-and-abeyance is that the claim Panetti seeks to raise in the CCA is "patently meritless"—in other words, he claims it is clear Panetti does not have a valid *Edwards* claim. Resp.'s Resp. at 3. The Respondent argues Panetti's case is distinguishable from both *Edwards* and *Chadwick* because Panetti requested and received permission to proceed pro se from the trial court; thus, whether the trial court was constitutionally obligated to **deny** Panetti's request to waive

counsel is "an entirely separate question from the one decided in *Edwards*" and *Edwards* has no impact on Panetti's case. *Id.*

This Court disagrees that Panetti's *Edwards* claim is frivolous or "plainly meritless." Regardless of this Court's views on the merits of the claim, Panetti has presented at least an arguable basis for relief under *Edwards*. Thus, the state court is entitled to the opportunity to review and decide the constitutional issue presented in Panetti's petition before this Court does so. Allowing the state court the opportunity to review its decision to deny Panetti's petition as successive, in light of its recent *Chadwick* decision, will achieve the AEDPA's goal of promoting "comity, finality, and federalism" by giving the state court "the first opportunity to review [the] claim," and to "correct" any "constitutional violation in the first instance." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). The Court finds the interests of comity and federalism dictate that the state court must have the first opportunity to decide Panetti's *Edwards* claim, and therefore that this case is appropriate for a stay-and-abeyance under *Rhines*.

### III.   Conclusion

In accordance with the foregoing,

IT IS ORDERED that Petitioner Scott Louis Panetti's Motion to Stay Case and Abate Proceedings [#27] is GRANTED.

IT IS FURTHER ORDERED that this case is hereby STAYED and ABATED until further notice. Petitioner shall have THIRTY (30) DAYS from the date of this order to file any pleadings in the state court, and (if necessary) he shall return to this Court no more than THIRTY (30) DAYS after the conclusion of the state-court litigation, or face dismissal for failure to prosecute.

SIGNED this the 30th day of June 2010.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE